CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 02 2014
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JASON CLEM, | ) |
| Petitioner, | ) Civil Action No. 7:13cv319 |
| v. | ) 2254 MEMORANDUM OPINION |
| LESLIE FLEMING, | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| Respondent. | ) |

The Circuit Court of Rockingham County, Virginia sentenced Jason Clem to life imprisonment for a capital murder he committed as a juvenile. Several years after Clem's conviction became final, the Supreme Court decided Miller v. Alabama, 132 S. Ct. 2455 (2012), which holds that the Eighth Amendment forbids a sentencing scheme that *mandates* life in prison without the possibility of parole for juvenile homicide offenders without affording the decisionmaker "the opportunity to consider mitigating circumstances." Id. at 2475. This is an authorized successive petition by Clem, pursuant to 28 U.S.C. §2254, claiming that his sentence is infirm under the new rule announced in Miller. Respondent has moved to dismiss because Miller is not retroactive to cases on collateral review; Clem has not exhausted his remedies; and the circuit judge's imposition of sentence was perfectly consistent with Miller's requirements. The court assumes without deciding that Miller's new rule is retroactive to cases on collateral review and that there is no state corrective process currently available to Clem but, nevertheless, concludes that, in sentencing Clem, the circuit judge in fact considered mitigating circumstances in a manner consistent with Miller's requirements. Accordingly, the court dismisses Clem's petition.

I.

On March 8, 2004, during the commission of a robbery, Clem killed his employer by striking him in the head with a hammer and stabbing him repeatedly. A grand jury indicted Clem for capital murder, and the Rockingham County Circuit Court in Virginia tried him as an adult. On May 12, 2005, the jury found Clem guilty of capital murder. Because Clem was 16 at the time of murder, Clem was ineligible for the death penalty, and the jury recommended life imprisonment and a $100,000 fine, the maximum punishment authorized for juveniles under Va. Code § 18.2-10(a). At sentencing, the Commonwealth presented victim impact statements and argued that the jury's recommendation was appropriate. Defense counsel argued that the court should consider Clem's maturity, the insanity defense presented at trial, and evidence of Clem's remorse. (Sentencing Tr. 4:16-5:25) Clem made no statement. The circuit judge then pronounced its sentence, stating:

> I have read the pre-sentence report . . . and **also considered all of the evidence in the nature of aggravation or mitigation in the case, and I find no reason to deviate from the jury verdict** in this matter . . . . Jason Richard Charles Clem, upon your conviction of the capital murder of Robert Edward Lacy, Jr., in violation of Virginia Code Section 18.2-31:4 . . . and in accordance with the jury verdict which has been rendered in this case, I sentence you to life imprisonment without the possibility of parole and assess a fine in the amount of $100,000.

(Sentencing Tr. 7:13-8:3) (emphasis added).

After an unsuccessful direct appeal, Clem filed a state petition for writ of habeas corpus on various grounds, including the ground that it is cruel and unusual punishment to sentence a juvenile to life imprisonment without the possibility of parole. The Virginia courts rejected his petition and found that Clem had procedurally defaulted his cruel and unusual punishment claim under Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), because he had failed to raise the

2

argument on direct appeal. Clem then filed a habeas petition with this court pursuant to 28 U.S.C. § 2254, raising essentially the same claims, which this court rejected. Three years later, the Supreme Court decided Miller, and Clem filed an application with the Fourth Circuit, pursuant to 28 U.S.C. § 2244, for approval to file a successive petition asserting a claim based on Miller's new rule. The Fourth Circuit granted that request. Clem v. Fleming, No. 13-285 (July 9, 2013).

II.

Clem argues in this authorized successive petition for federal habeas relief that the sentence the Rockingham County Circuit Court imposed violated the Eighth Amendment and Miller. Assuming without deciding that Miller is retroactively applicable to cases on collateral review, the court concludes from the circuit judge's plain language that the circuit court did not impose sentence in a manner that transgresses Miller's new rule.[1]

In Miller, the Supreme Court held that *mandatory* life without parole for juvenile homicide offenders violates the Eighth Amendment. 132 S. Ct. at 2475. The Court explained that "children are constitutionally different from adults for purposes of sentencing." Id. at 2464. Children lack maturity and have an underdeveloped sense of responsibility, "leading to recklessness, impulsivity, and heedless risk-taking." Id. (citing Roper v. Simmons, 543 U.S. 551, 569 (2005)). They are more vulnerable to negative influences and outside pressures and "lack the ability to extricate themselves from horrific, crime-producing settings." Id. Their character is "not as well-formed' as an adult's," and their traits are "less fixed." Id. (quoting Roper, 543 U.S. at 570). Therefore, they have a diminished moral culpability and a higher capacity for

---

[1] Because the court assumes that Miller is retroactively applicable and dismisses Clem's petition on the merits, the court denies the parties' request that the matter be stayed, pending the Fourth Circuit's potential resolution of the retroactivity question in Johnson v. Ponton, No. 13-7824.

3

rehabilitation. For these reasons, the sentencer must consider the juvenile's individual characteristics, including his age, mental and emotional development, family background, and capacity for rehabilitation in light of the nature and circumstances of his offense. Id. at 2468. This does not mean, however, that a sentencer cannot impose a life sentence without parole on a juvenile homicide offender. It means only that the sentencer must follow a process that ensures the sentence is proportional to the nature of the harm and the culpability of the individual juvenile defendant. Id. at 2469.

Here, it is apparent that the circuit judge complied with the process Miller now requires. Before sentencing Clem, the judge clearly and unequivocally stated that he made an individualized assessment of all the mitigating and aggravating factors presented at trial, and only after considering such factors did he determine that life imprisonment without parole was appropriate (and that he should not *deviate* from the jury's recommendation).[2]

Clem nonetheless asks the court to disregard the circuit judge's plain language in imposing sentence because, he argues, the judge had discretion in determining the amount of the fine to impose but had no discretion to deviate from the jury's recommended life sentence. According to Clem, his conclusion stems from the express language of Va. Code § 18.2-10, which prescribes the range of punishments for the various classes of felonies in Virginia[3] and which specifically and uniquely provides that "the punishment *shall* be imprisonment for life" in the case of juveniles and "mentally retarded" persons convicted of capital murder. Va. Code

---

[2] See Johnson v. Commonwealth, 2014 WL 1178501, at *5 n.7 (Va. Ct. App. Mar. 25, 2014) (finding that trial court's own statements "speak for themselves" and indicate that court "actually *did* render an 'individualized sentenc[e]" in compliance with the new rule announced in Miller). The court notes that because in Johnson the Commonwealth ultimately prosecuted the case as a Class 2 felony, Johnson does not present the statutory issue Clem advances here.

[3] There are six classes of felonies in Virginia. Va. Code § 18.2-9.

4

§18.2-10(a) (emphasis added). Under that provision, the authorized punishment for the highest class of felonies (a Class 1 felony) is

> ... death, if the person so convicted was 18 years of age or older at the time of the offense and is not determined to be mentally retarded pursuant to § 19.2-264.3:1.1, or imprisonment for life and, subject to subdivision (g), a fine of not more than $100,000. *If the person was under 18 years of age at the time of the offense or is determined to be mentally retarded* pursuant to § 19.2-264.3:1.1, the punishment *shall* be imprisonment for life and, subject to subdivision (g), a fine of not more than $100,000.

Va. Code § 18.2-10(a). (emphasis added).

The court rejects Clem's argument. The Supreme Court of Virginia has consistently held that, "under Virginia's statutory scheme, the sentence ascertained by the jury is not final or absolute." Allard v. Com., 480 S.E.2d 139, 144 (Va. 1997); Duncan v. Com., 343 S.E.2d 392, 394 (Va. 1986). Rather, Va. Code § 19.2-303 grants the circuit judge statutory authority to suspend a sentence, "in whole or in part, on the basis of any mitigating facts that the convicted defendant can marshal." Vines v. Muncy, 553 F.2d 342, 349 (4th Cir. 1977). And Va. Code § 18.2-12.1 expressly carves out exceptions to that authority when the relevant code provision uses the language "mandatory minimum," language the General Assembly did not use in the applicable statutes here.[4] Consequently, unlike the statutes at issue in Miller, the Virginia Code did not limit the circuit judge's authority to consider all the facts and circumstances, including

---

[4] Virginia code § 18.2-12.1 provides:
> "Mandatory minimum" whenever it appears in this code means, for purposes of imposing punishment upon a person convicted of a crime, that the court shall impose the entire term of confinement, the full amount of the fine and the complete requirement of community service prescribed by law. The court shall not suspend in full or in part any punishment described as mandatory minimum punishment.

5

evidence in mitigation in imposing sentence.[5] In fact, in <u>Bruce v. Commonwealth</u>, 387 S.E.2d 279 (Va. Ct. App. 1990), the Virginia Court of Appeals found substantial error where the trial judge refused to consider whether a jury's sentence of life imprisonment for the use of a sawed-off shotgun in the commission of murder should be modified in light of mitigating evidence, explaining that "[f]ailure to consider whether a jury sentence should be mitigated because of a belief that the jury sentence is inviolable is an abuse of discretion." <u>Id.</u> at 303. Virginia Code § 19.2-303 thus

> . . . makes the jury's finding little more than an advisory opinion or first-step decision. Any criticism of jury sentencing . . . is [] overcome by **the existence of the power in the trial judge to bring his so-called superior judgment to bear upon the issue of proper punishment** in reaching his decision whether to suspend the sentence or not.

<u>Batts v. Com.</u>, 515 S.E.2d 307, 315 (Va. Ct. App. 1999) (quoting <u>Vines</u>, 553 F.2d at 349) (emphasis added).

Clem's reading of Va. Code § 18.2-10(a) would also produce an absurd result. Because the legislature only used the word "shall" in relation to the sentencing of juvenile offenders and the "mentally retarded" and not other offenders, the circuit judge, under Clem's reading, would retain discretion to suspend the sentence of an adult but not the sentence of a juvenile or a "mentally retarded" defendant. "The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow, or strained construction; a statute should never be construed so that it leads to absurd results." <u>Branch v. Commonwealth</u>, 419 S.E.2d 422, 424 (Va. Ct. App. 1992).

---

[5] <u>Cf.</u> Ala. Code § 15-22-50 ("The court shall have no power to suspend the execution of sentence imposed upon any person who has been found guilty and whose punishment is fixed at death or imprisonment in the penitentiary for more than 15 years."); Ark. Code § 5-4-104(e)(1)(A) ("The court shall not suspend imposition of sentence as to a term of imprisonment nor place the defendant on probation for [capital murder].").

Therefore, because the Virginia Code did not require the circuit judge to impose life imprisonment without parole, and because in any event, the judge actually made an individualized determination after considering mitigating and aggravating factors, Clem's sentence remains unaffected by the Supreme Court's decision in <u>Miller</u>, and the court will grant Respondent's motion to dismiss.

### III.

For the foregoing reasons, the court dismisses Clem's petition for writ of habeas corpus.

**ENTER**: April 2, 2014.

_____
UNITED STATES DISTRICT JUDGE